HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOELANI HOLT, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION, a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | CASE NO. 2:25-cv-02369-RAJ<br><br>ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendant CVS Health Corporation's ("CVS") Motion to Dismiss, Dkt. # 10. The Court has reviewed the motion, the submissions in support of and in opposition to the motion, and the balance of the record. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendant's motion.

## II. BACKGROUND

Plaintiff Noelani Holt brings this putative class action against the Defendant, alleging that CVS violated Revised Code of Washington ("RCW") 49.62.070, a provision of the Washington Non-Competition Act that prohibits employers from restricting

employees who earn less than twice the state minimum wage from maintaining additional employment. *See* Dkt. # 1-2.

Specifically, Plaintiff alleges that she and the putative class members "are current and former Washington employees" of CVS, who "earned less than twice the applicable state minimum wage" during their employment. *Id.* ¶¶ 20–23. According to the Complaint, they "were subject to one or more written or oral covenants, agreements, or contracts restricting, restraining, or prohibiting them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed" in violation of RCW 49.62.070. *Id.* ¶¶ 26–27. Plaintiff identifies CVS's "Code of Conduct and Employee Handbook" as a partial source of the "policies and procedures" establishing these allegedly unlawful restraints. *Id.* ¶¶ 24–25.

Plaintiff initiated this action in King County Superior Court. CVS removed the action to this Court. Dkt. # 1. CVS now moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). Dkt. # 10. In its motion, CVS also asks the Court to strike Plaintiff's class allegations under Fed. R. Civ. P. 12(f). *Id.* at 8–9. In response, Plaintiff opposes the Motion and asks for leave to amend the Complaint. Dkt. # 14.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In analyzing a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Conclusory allegations and unreasonable inferences, however, are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

## IV. DISCUSSION

### A. Plaintiff Fails to State a Claim under RCW 49.62.070

Under RCW 49.62.070(1), "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed." RCW 49.62.080(1), in turn, provides a cause of action for "person[s] aggrieved by a noncompetition covenant." A noncompetition covenant is defined to include "every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind." RCW 49.62.010(4). It "also includes an agreement that directly or indirectly prohibits the acceptance or transaction of business with a customer." *Id.*

In the Motion, CVS urges the Court to dismiss Plaintiff's RCW 49.62.070 claim for two reasons. First, CVS contends that Plaintiff "failed to plead any actual *facts* plausibly indicating that [CVS] imposed a restriction" in violation of the statute. Dkt. # 10 at 5 (emphasis in original). CVS points to the Complaint's lack of factual allegations identifying "(1) *what* specific language Plaintiff claims violates RCW 49.62.070; (2) *why* that language applied to Plaintiff … and (3) *how* that language constituted a 'restrict[ion], restrain[t], or prohibit[ion]' made unlawful by RCW 49.62.070." *Id.* (emphases in original). Second, CVS argues in the alternative that "even if a restriction prohibited by RCW 49.62.070 existed," Plaintiff's claim still fails because she failed to plead any facts showing that "any such restriction was contractual in nature," which CVS contends is a prerequisite to any private right of action under RCW 49.62.080. *Id.* at 6.

In response to CVS's primary argument for dismissal, Plaintiff restates the core allegation of her Complaint—that she was "subject to one or more written or oral covenants, agreements, or contracts restricting, restraining, or prohibiting" her from maintaining additional employment in violation of RCW 49.62.070—and contends the

Court should simply accept those allegations as true. Dkt. # 14 at 3. As for CVS's alternative argument, Plaintiff contends that an examination of the text of RCW 49.62.080 and its legislative history demonstrates "CVS is wrong that [the statutory language] narrows the right of action to restrictions that appear in the form of a common law contract." *See id.* at 5–9.

After reviewing the Complaint, the Court concludes that Plaintiff failed to allege sufficient facts to establish a plausible claim for a violation of RCW 49.62.070. As an initial matter, Plaintiff fails to sufficiently allege what "written or oral covenants, agreements, or contracts" she and the putative class members were subject to. Notwithstanding Plaintiff's allegation that CVS's "Code of Conduct and Employee Handbook" reflects the company's "standard business practice designed to prevent [CVS's] low-wage workers from having second jobs," Dkt. # 1-2 ¶¶ 24–25, the Complaint fails to identify any specific language in the Handbook constituting the unlawful restriction, restraint, or prohibition. Nor does the Complaint explain why such language applied to Plaintiff or how it stopped her from maintaining additional employment. Instead, Plaintiff alleges only that she "suffered economic and non-economic harm and damages as a result of being restricted, restrained, or prohibited from having an additional job" by CVS. Dkt. # 1-2 ¶ 28. Because the Complaint only contains an "unadorned, the-defendant-unlawfully-harmed-me accusation," it cannot survive Rule 12(b)(6) scrutiny. *Iqbal*, 556 U.S. at 678.

Accordingly, the Court grants CVS's motion to dismiss the Complaint.[1]

**B. Plaintiff Is Granted Leave to Amend the Complaint**

Plaintiff appears to acknowledge the deficiencies in the Complaint. In her opposition to the motion, Plaintiff explains that she originally "filed this action in King

[1] Because the Court concludes that Plaintiff failed to plead sufficient facts to state a plausible claim under RCW 49.62.070, the Court need not address the parties' alternative arguments on the scope of RCW 49.62.080's private right of action.

County Superior Court and was therefore subject to Washington's liberal notice pleading standard, not the more stringent federal pleading standard." Dkt. # 14 at 3. Plaintiff asks for leave to amend the Complaint. *Id.* This Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Granting leave to amend is particularly appropriate here because the deficiencies identified above may potentially be cured by amendment, and this will be Plaintiff's first opportunity to do so following the removal of this action to federal court. Accordingly, the Court grants Plaintiff leave to amend the Complaint.

### C. CVS's Motion to Strike Plaintiff's Class Allegations Is Moot

CVS also moves to strike Plaintiff's class allegations. Dkt. # 10 at 8–9. Because the Complaint is dismissed for failure to state a claim under RCW 49.62.070, the Court need not address CVS's motion to strike the class allegations based upon that claim. If Plaintiff renews her class allegations in an amended complaint, CVS may likewise renew its motion to strike for the Court's consideration at that time. Accordingly, CVS's motion to strike is denied as moot.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendant's motion to dismiss, Dkt. # 10. The Complaint is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** within 21 days of the date of this order. Defendant's motion to strike the class allegations in the Complaint is **DENIED** as moot.

Dated this 24th day of July, 2026.

The Honorable Richard A. Jones
United States District Judge