**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| NOELANI HOLT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION, a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 2:25-cv-02369-RAJ<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Noelani Holt ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), brings this action against Defendant CVS Health Corporation ("Defendant" or "CVS") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE CASE

1. This is a class action lawsuit to remedy Defendant's business practice of illegally restricting, restraining, and prohibiting low wage workers from engaging in lawful professions, trades, and businesses and from accepting or transacting business with customers in violation of Washington's noncompetition law. *See* ch. 49.62 RCW.

2. The Washington Legislature ("Legislature") enacted chapter 49.62 RCW,



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

effective January 1, 2020, to facilitate workforce mobility and protect workers by prohibiting restrictive covenants that limit competition or hiring. *See* RCW 49.62.005.

3. In so doing, the Legislature found that "[w]orkforce mobility is important to economic growth and development" and that "[a]greements limiting competition or hiring may be contracts of adhesion that may be unreasonable." RCW 49.62.005(1)-(2).

4. The Legislature defined a "noncompetition covenant" to include "every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind." RCW 49.62.010(4).

5. To better protect Washington workers from illegal restrictive covenants, the Legislature mandated that chapter 49.62 RCW "be construed liberally for the accomplishment of its purposes." RCW 49.62.110.

6. In 2024, the Legislature clarified and thus further strengthened the liberal construction mandate of chapter 49.62 RCW in response to courts "misinterpret[ing]" the statutory provisions and "fail[ing] to embrace that the statute should be liberally construed." S.B. REP. ON ENROLLED SUBSTITUTE S.B. 5935, 68th Leg., Reg. Sess. (Wash. Feb. 6, 2024) ("ESSB 5935 Bill Report").

7. The Legislature emphasized the importance of this liberal mandate by repeating its express requirement that courts "liberally constru[e]" the "provisions in [chapter 49.62 RCW] facilitating workforce mobility and protecting employees and independent contractors" and "narrowly constru[e]" its exceptions. RCW 49.62.005(3); SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024); *see also David v. Freedom Vans, LLC*, 4 Wn.3d 242, 245, 247, 248-50 (2025) (applying liberal construction to RCW 49.62.070).

8. Supporters of the 2024 amendments, which clarified and therefore strengthened worker protections, highlighted the harm of noncompetition covenants generally, noting that these restrictions "interfere with a person's ability to seek or accept a new job," "suppress wages[,] and allow[] large companies to control workers." ESSB 5935 Bill Report at 4.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

9. Effective January 1, 2020, "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed." RCW 49.62.070(1).

10. In prohibiting employers from restricting low-wage workers' ability to hold supplemental employment, the Legislature—as confirmed by the Washington Supreme Court—recognized that "many low wage workers must work multiple jobs" to earn a livable wage and "to provide for themselves and their families." *David*, 4 Wn.3d at 244, 253.

11. Recognizing this economic reality, the Legislature specifically intended to "broadly protect" these economically vulnerable workers "by allowing them to secure supplemental employment within their industry." *Id.* at 249 n.3 (citing ENGROSSED SUBSTITUTE H.B. 1450, 66th Leg., Reg. Sess. (Wash. 2019)).

12. If an employer seeks greater control over their employees by restricting the worker's freedom to hold an additional job, "they have a simple solution—pay the worker more than twice the applicable state minimum hourly wage." *Id.* at 260 (Lewis, J., concurring).

13. In the 2024 amendments, the Legislature also confirmed that the prohibition on noncompetition covenants includes "agreement[s] that directly or indirectly prohibit[] the acceptance or transaction of business with a customer." RCW 49.62.010(4).

14. The Legislature intended to clarify that an employer cannot prevent a former employee from accepting business from customers. ESSB 5935 Bill Report at 4.

15. This amendment was, again, in direct response to "courts . . . misconstru[ing] nonacceptance of business clauses as nonsolicitation covenants." *Id.*

16. In violation of chapter 49.62 RCW generally, and RCW 49.62.070 specifically, Defendant unlawfully restricted, restrained, or prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed, while paying them less than twice the applicable state minimum hourly wage.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

17. Plaintiff and each Class member seek the greater of their actual damages or statutory damages of $5,000.00, whichever amount is greater, plus their reasonable attorneys' fees and costs pursuant to RCW 49.62.080.

## II. JURISDICTION AND VENUE

18. Based on Defendant's representations in its Notice of Removal, jurisdiction is proper in this Court pursuant to 28 U.S.C §§ 1332, 1441, and 1446.

19. Venue is proper in this Court pursuant to 28 U.S.C § 1441(a) because the action was removed by Defendant to the United States District Court for the Western District of Washington, which embraces King County, the place where the action was pending.

## III. PARTIES

20. Plaintiff Noelani Holt resides in Snohomish County, Washington and is employed by Defendant in Washington.

21. Defendant CVS Health Corporation is a foreign profit corporation that regularly transacts business in King County, Washington and has stores for the transaction of business in King County, Washington, including at 2345 42nd Avenue Southwest, Seattle, Washington 98116; 100 North 85th Street, Seattle, Washington 98103; and 1929 Queen Anne Avenue North, Seattle, Washington 98109.

22. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

## IV. STATEMENT OF FACTS

### A. Defendant's Business Operations

23. Defendant is an American healthcare company that owns CVS Pharmacy, a retail



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

pharmacy chain; CVS Caremark, a pharmacy benefits manager; and Aetna, a health insurance provider, among many other brands.

24. Defendant employs over 300,000 individuals, primarily in the United States. CVS Health Corporation, Annual Report (Form 10-K) at 15 (Feb. 10, 2026).

25. Defendant has approximately 9,000 retail locations and more than 1,000 walk-in and primary care medical clinics, approximately 87 of which are scattered across 50 cities in Washington state. *Id.* at 2; *CVS Stores in Washington*, CVS, https://www.cvs.com/store-locator/cvs-pharmacy-locations/Washington (last visited Aug. 14, 2026).

26. CVS operates in a highly competitive and rapidly evolving environment across each of its principal business segments—heath care benefits, health services, and pharmacy and consumer wellness.

27. CVS specifically identifies Prime Therapeutics, MedImpact, Express Scripts (Cigna Corporation), and Optum Rx (UnitedHealth Group), Walgreens, Walmart, Amazon, Original Medicare, Blue Cross, and Blue Shield as competing businesses, and generally identifies all supermarkets, independent pharmacies, restrictive pharmacy networks, membership clubs, infusion pharmacies, mail-order pharmacies, other large commercial insurers, local and regional health plans, health-system-owned plans, PBMs, TPAs, provider organizations, financial-services companies, and emerging health-plan entrants, mass retailers, and online retailers as competitors. CVS Health Corporation, Annual Report (Form 10-K) at 6-7, 11, 14 (Feb. 10, 2026).

**B. Defendant's Noncompetition Covenants**

28. Plaintiff and Class members are current and former Washington employees of Defendant.

29. Defendant's policies and procedures that apply to all Washington employees equally reflect a standard business practice designed to restrict, restrain, and prohibit Washington employees from having second jobs with competitors.

30. Defendant's policies and procedures are evidenced, in part, by Defendant's CVS Health Colleague Handbook ("Colleague Handbook"), CVS Health Code of Conduct ("Code of



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Conduct”), and the CVS Health Conflicts of Interest Policy (“Conflicts of Interest Policy”).

31. Defendant required Plaintiff and Class members to abide by the policies set forth in the Colleague Handbook.

32. The Colleague Handbook provides:

> To better serve our customers, clients and patients, and reinforce our company’s reputation for excellence, each CVS Health colleague should understand why we are in business and how we conduct our business. . . .
>
> It shall be the obligation of the colleague to make sure he or she has a current understanding of the company’s policies.
>
> In addition to this handbook, the company maintains a code of conduct, written policies and other procedures and workplace rules. Colleagues are expected to read, understand and follow all of the various company materials that relate to the colleague’s position, and failure to do so may result in discipline, up to and including termination of employment.

33. The Colleague Handbook provides:

> Situations involving a conflict of interest may not always be obvious or easy to resolve. Some circumstances that may present an actual or potential conflict of interest include, but are not limited to:
>
> - Outside employment;
> - Participation in certain outside organizations;
> - You or a close relative having a financial interest in a CVS Health competitor, vendor or client;
>
> . . .
>
> For further details as to what may qualify as a potential conflict of interest, please consult the CVS Health Conflicts of Interest Policy.

34. Defendant required Plaintiff and Class members to comply with the policies set forth in the Code of Conduct.

35. The Code of Conduct provides:

> This Code applies to everyone in the Company, including the CVS Health Corporation Board of Directors and all Company colleagues, when doing work for CVS Health.
>
> The same high ethical standards apply to all, regardless of job or



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

> level in the organization. The Code also applies to independent physician-owned entities (and their providers) with which CVS Health or one of its subsidiaries has management services or similar arrangements.

36. The Code of Conduct provides:

> A conflict of interest exists when an individual permits the prospect of personal gain to improperly influence the manner in which the individual conducts CVS Health business. Situations involving a conflict of interest may not always be obvious or easy to resolve. Colleagues, including officers of the Company, and Board members must make prompt and full disclosure of any situation that may involve an actual or potential conflict of interest
>
> Some circumstances that may present an actual or potential conflict of interest include, but are not limited to:
>
> - Outside employment
> - Participation in certain outside organizations (e.g., service on a board);
> - You, or a close relative residing within the same household, having a financial interest in a CVS Health competitor, vendor or customer[]

37. The Code of Conduct further provides:

> Don't engage in prohibited outside employment activity as defined in the Conflicts of Interest policy (DOC-046854).

38. Defendant required Plaintiff and Class members to comply with the Conflicts of Interest Policy.

39. The Conflicts of Interest Policy "applies to all Colleagues."

40. The Conflicts of Interest Policy provides:

> CVS Health® (the "Company") expects all Colleagues to avoid actual or potential conflicts of interest that interfere, or appear to interfere, with the interests of the Company.

41. The Conflicts of Interest Policy provides:

> Some circumstances that may present a conflict of interest include, but are not limited to:
>
> - Outside employment (including self-employment and advisory or consulting roles);



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

- Participation in certain outside organizations; e.g., service on a board, advisory roles, or political campaigns or offices

- You, or a close relative or domestic partner residing within the same household, having a financial interest in a CVS Health competitor, vendor or customer[]

42. The Conflicts Interest Policy further provides:

i. Outside employment activity, including self-employment and advisory or consulting roles, must be completely separate from Company work. Colleagues may not use CVS Health resources, including but not limited to, intellectual property, time, or proprietary business information or systems for any use related to outside employment.

ii. Additionally, all outside employment, including self-employment, must be approved by the colleague's management; and, if the outside role meets the criteria for a conflict of interest as set out in this policy, then self-disclosure to the Conflict of Interest Team is also required. In certain circumstances, notification to the business unit Vice President may be required as well.

iii. CVS Health specifically prohibits members of management, pharmacists, pharmacy technicians, and all other non-store-based Colleagues from working for our competitors during their employment with CVS Health.

**NOTE: the foregoing section, 1. A. iii., does not apply to: 1) Colleagues who work in the District of Columbia, and 2) student interns, regardless of their work locations.**

iv. Outside employment, regardless of whether you are compensated or not, with any government organization (including state Boards of Pharmacy, Commissions, or Task Forces) with regulatory oversight of the Company's business must be disclosed to CVS Health pursuant to Section 2 of this policy.

**NOTE: Outside employment, including self-employment, of any sort may be prohibited if the Company deems the employment to create a conflict of interest, the appearance of impropriety or, otherwise, to interfere with a Colleague's ability to adequately perform their CVS Health job responsibilities.**

(Emphasis in original.)



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

43. The Conflicts of Interest policy further provides:

> 2. DISCLOSING AND RESOLVING CONFLICTS OF INTEREST; REPORTING VIOLATIONS
>
> Colleagues must make prompt and full disclosure of any circumstances that may result in an actual or potential conflict of interest by calling the CVS Health Conflict of Interest Line at (847) 559-4100 or emailing the Conflict of Interest Mailbox at COI@CVSHealth.com.
>
> If CVS Health determines that an actual or potential conflict of interest exists, CVS Health, in its discretion, may require the colleague to make changes to limit or avoid the conflict.
>
> Colleagues must report an actual or perceived violation of the Conflicts of Interest Policy to the CVS Health Ethics Line at 877-287-2040, whether or not the colleague is personally involved.
>
> CVS Health prohibits retaliating against anyone for raising, in good faith, a legal or ethical concern or cooperating with an investigation.
>
> Violations of this Policy, including the failure to report or disclose an actual or potential Conflict of Interest, may result in discipline up to and including termination of employment.

44. Plaintiff and Class members were subject to one or more written or oral covenants, agreements, or contracts restricting, restraining, or prohibiting them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed, including, but not limited to, the Colleague Handbook, Code of Conduct, and Conflicts of Interest Policy.

45. As one example, the Colleague Handbook, Code of Conduct, and Conflicts of Interest Policy all broadly identify "outside employment" as a potential conflict of interest, and the Conflicts of Interest Policy states that Defendant expects all employees to avoid "actual or potential conflicts of interest."

46. As another example, the Conflicts of Interest Policy places restrictions, restraints, and prohibitions on the types of outside employment Plaintiff and Class members can pursue, stating "all outside employment, including self-employment, must be approved by the colleague's management."



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

47. Additionally, the Conflicts of Interest Policy states that "CVS Health specifically prohibits members of management, pharmacists, pharmacy technicians, and all other non-store-based Colleagues from working for our competitors during their employment with CVS Health."

48. Upon information and belief, Defendant maintains additional written covenants, oral covenants, agreements, or contracts that restrict, restrain, or prohibit Plaintiff and Class members of from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

### C. Facts Applicable to Plaintiff and Class Members

49. Washington's minimum wages and the earning thresholds set by RCW 49.62.070(1) during the relevant time period are as follows:

| Year | Washington Min. Wage | RCW 49.62.070(1) Threshold |
|---|---|---|
| 2022 | $14.49 per hour | $28.98 per hour |
| 2023 | $15.74 per hour | $31.48 per hour |
| 2024 | $16.28 per hour | $32.56 per hour |
| 2025 | $16.66 per hour | $33.32 per hour |
| 2026 | $17.13 per hour | $34.26 per hour |

*History of Washington State's Minimum Wage*, WASH. STATE DEP'T OF LAB. & INDUS., https://lni.wa.gov/workers-rights/wages/minimum-wage/history-of-washington-states-minimum-wage (last visited Aug. 5, 2026); RCW 49.62.070(1).

50. Plaintiff and Class members earned less than twice the applicable state minimum wage from Defendant.

51. Plaintiff and Class members were subject to one or more written or oral covenants, agreements, or contracts restricting, restraining, or prohibiting them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed, including, but not limited to, the Colleague Handbook, Code of Conduct, and Conflicts of Interest Policy as described above.

52. By restricting, restraining, or prohibiting Plaintiff and Class members from having



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed while paying them less than twice the applicable state minimum hourly wage, Defendant violated Plaintiff and Class members' statutory rights under RCW 49.62.070.

53. Plaintiff and Class members suffered economic and non-economic harm and damages as a result of being restricted, restrained, or prohibited from having an additional job by Defendant, including, but not limited to lost income, lost income opportunities, reduced bargaining power, unemployment risk, diminished career mobility, and lost wages.

54. Because Defendant restricted, restrained, or prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed, Defendant should have, but did not, pay Plaintiff and Class members at least twice the applicable state minimum hourly wage.

**D. Facts Applicable to Plaintiff**

55. Plaintiff began working as a shift supervisor for Defendant on or about July 22, 2025, at its retail store located at 22803 44th Avenue West, Suite D-1, Mountlake Terrace, Washington 98043.

56. As a condition of employment with Defendant, Plaintiff was instructed that she was required to review, sign, and abide by all provisions of Defendant's Colleague Handbook, Code of Conduct, and Conflicts of Interest Policy.

57. Failure to abide by any provision of Defendant's Colleague Handbook, Code of Conduct, and Conflicts of Interest Policy would result in discipline, up to and including termination.

58. Throughout Plaintiff's employment with Defendant, she has earned $21.00 per hour—less than twice the applicable state minimum hourly wage—despite being bound to the noncompetition covenants within Defendant's Colleague Handbook, Code of Conduct, and Conflicts of Interest Policy.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

59. As a result of being bound to the noncompetition covenants within Defendant's Colleague Handbook, Code of Conduct, and Conflicts of Interest Policy, Plaintiff suffered economic and non-economic harm stemming from refraining from seeking and accepting supplemental employment at any company considered a competitor of Defendant, which she would have considered and pursued absent the noncompetition covenants.

60. As a shift supervisor, Plaintiff was specifically and unequivocally prohibited from seeking and/or obtaining secondary employment because the Conflicts of Interest Policy states that "CVS Health specifically prohibits members of management, pharmacists, pharmacy technicians, and all other non-store-based Colleagues from working for our competitors during their employment with CVS Health."

61. Plaintiff should have earned at least $33.32 per hour for every hour worked in 2025 because she was subject to Defendant's noncompetition covenants; however, she earned only $21.00 per hour, resulting in economic damages of at least $3,453.79.

62. Prior to going on medical leave, Plaintiff completed 14 workweeks between July 22, 2025, and October 31, 2025.

63. By restricting, restraining, or prohibiting Plaintiff from having an additional job, supplementing her income by working for another employer, working as an independent contractor, or being self-employed while paying her $21.00 per hour—$12.32 per hour less than she should have been paid—Defendant violated Plaintiff's statutory rights under RCW 49.62.070 causing economic damage of at least $3,453.79.

## V. CLASS ALLEGATIONS

64. Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendant on behalf of the Class defined as follows:

> All current and former employees of CVS Health Corporation who worked in Washington and earned less than twice the applicable state minimum hourly wage from October 21, 2022, through the date of certification of the Class.

65. Excluded from the Class are Defendant and its officers and directors.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

66. Numerosity. There are potentially dozens of Washington employees who earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

67. Commonality. Because Class members were subject to identical or virtually identical policies and practices as Plaintiff, this is a straightforward matter of determining whether Defendant's actions violate Washington law and, if so, assessing statutory damages.

68. Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members all worked for Defendant in Washington, earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job.

69. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

70. Predominance. Defendant has engaged in a common course of conduct of restricting, restraining, or prohibiting low-wage workers from having an additional job in violation of RCW 49.62.070. The common issues arising from Defendant's unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

71. Superiority. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendant's unlawful conduct. However, absent a class action, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and the agreements they were subject to are readily identifiable through Defendant's records.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.62.070
***Claim of Relief for Plaintiff and the Class***

72. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

73. Defendant is an "employer" as defined by RCW 49.62.010(2).

74. Plaintiff and Class members are "employee[s]" as defined by RCW 49.62.010(2).

75. Defendant employed Plaintiff and Class members in Washington.

76. Plaintiff and Class members earned less than twice the applicable state minimum wage from Defendant.

77. Defendant restricted, restrained, or prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

78. Defendant's actions and omissions violate RCW 49.62.070.

79. As a result of Defendant's actions and omissions, Plaintiff and Class members have experienced economic and non-economic harm.

80. Plaintiff and Class members seek actual damages or statutory damages of $5,000, whichever is greater, plus their costs and reasonable attorneys' fees pursuant to RCW 49.62.080.

## VII. REQUEST FOR RELIEF

81. Plaintiff, individually and on behalf of members of the Class, requests that the Court enter judgment against Defendant as follows:

a. An order certifying that this action be maintained as a class action and appointing



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

b. Actual damages or statutory damages of $5,000, whichever is greater to Plaintiff and each Class member pursuant to RCW 49.62.080;

c. Attorneys' fees, expenses, and costs pursuant to RCW 49.62.080;

d. Pre- and post-judgment interest;

e. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendant from engaging in the conduct complained of herein;

f. Equitable relief in the form of reforming, rewriting, modifying, or only partially enforcing the noncompetition covenants Plaintiff and Class members are subject to;

g. Judgment declaring that the conflict of interest and outside employment covenants in Defendant's Colleague Handbook, Code of Conduct, and Conflicts of Interest Policy are void and unenforceable as to Plaintiff and Class members;

h. Leave to amend this complaint to conform to the evidence; and

i. Any additional or further relief the Court deems equitable, appropriate, or just.

DATED August 14, 2026.

**EMERY | REDDY, PC**

By: *<u>/s/ Timothy W. Emery</u>*

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
*Attorneys for Plaintiff Noelani Holt*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Josh M. Goldberg, WSBA #60733
Seyfarth Shaw LLP
999 Third Avenue, Suite 4700
Seattle, WA 98104
Telephone: (206) 946-4910
Email: jmgoldberg@seyfarth.com

James J. Swartz, Jr.
Andrew M. McKinley
Seyfarth Shaw LLP
1075 Peachtree St, NE, Suite 2500
Atlanta, GA 30309
Email: jswartz@seyfarth.com
Email: amckinley@seyfarth.com

Dated this 14th day of August, 2026 at Seattle, Washington.

*/s/ Jennifer Chong*
Jennifer Chong, Legal Assistant
jennifer@emeryreddy.com



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711