HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOELANI HOLT, individually and on behalf of all other similarly situated,

Plaintiff,

v.

CVS HEALTH CORPORATION, a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,

Defendants.

CASE NO. 2:25-cv-02369-RAJ

ORDER

## I. INTRODUCTION

THIS MATTER comes before the Court on its September 29, 2026 Order to Show Cause, Dkt. No. 32, and Defendant's Response, Dkt. No. 33. The Court has considered Defendant's Response, the balance of the record, and governing law. For the reasons set forth below, the Court **REMANDS** this case to King County Superior Court and **DENIES AS MOOT** Defendant's Motion to Stay Discovery, Dkt. No. 23, and Second Motion to Dismiss, Dkt. No. 24.

## II. BACKGROUND

This case is a putative class action against Defendant CVS Health Corporation alleging that Defendant violated Revised Code of Washington ("RCW") 49.62.070, a

provision of the Washington Noncompetition Covenants Act that prohibits employers from restricting employees who earn less than twice the state minimum wage from maintaining additional employment. Dkt. No. 21.

Plaintiff initiated this action in King County Superior Court. Defendant removed the action to this Court. Dkt. No. 1. Defendant moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). Dkt. No. 10. The Court dismissed the Complaint without prejudice and granted Plaintiff leave to amend. Dkt. No. 20. In August 2026, Plaintiff filed an Amended Complaint. Dkt. No. 21. Defendant now moves to dismiss the Amended Complaint and to stay discovery pending the Court's decision on its motion to dismiss. Dkt. Nos. 23, 24.

On September 29, 2026, the Court *sua sponte* ordered Defendant—as the party invoking federal jurisdiction in this case—to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction. Dkt. No. 32. Defendant timely filed its response. Dkt. No. 33.

## III. LEGAL STANDARD

"[W]hether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (internal quotations omitted). To establish Article III standing, the plaintiff must show they suffered an injury in fact that is concrete, particularized, and actual or imminent; fairly traceable to the challenged conduct of the defendant; and redressable by a favorable ruling. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). "[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it." *Id.* at 331. The statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be

an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo*, 578 U.S. at 340). In other words, "under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426–27 (2021) (emphasis in original).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The "rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

## IV. DISCUSSION

In its Response to the Order to Show Cause, Defendant argues that the Court has subject matter jurisdiction over this case because Plaintiff's allegations sufficiently establish Article III standing, even if they fail to state a claim under RCW 49.62.070. *See* Dkt. No. 33. Specifically, Defendant contends that Plaintiff's allegations that she "refrain[ed] from seeking and accepting supplemental employment" and was not paid twice the applicable minimum wage, "resulting in economic damages of at least $3,453.79," sufficiently establish a concrete injury in fact. *Id.* at 4–5.

After reviewing the Amended Complaint, the Court finds that the factual allegations therein fail to establish that Plaintiff suffered a concrete injury in fact for Article III standing purposes. The Amended Complaint fails to allege, for example, that Plaintiff actually sought a second job. Indeed, Plaintiff alleges only that she "refrain[ed] from seeking and accepting supplemental employment at any company considered a competitor of Defendant, which she *would have* considered and pursued," but did not. *See* Dkt. No. 21 ¶ 59 (emphasis added). But "[o]nly those plaintiffs who have been *concretely harmed*

by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 594 U.S. at 427 (emphasis in original). Such allegations fail to confer Plaintiff standing because they would require the Court to rest its subject matter jurisdiction on a speculative chain of events that Plaintiff has not alleged—namely, that Plaintiff actually sought a second job for supplemental income and that Defendant restricted her from taking it. *See Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019) ("Conjectural, hypothetical, or speculative injuries, such as '[a]llegations of possible future injury,' do not suffice.").

Defendant insists that Plaintiff need not "actually violate the terms of the rule or provision at issue (here, the allegedly unlawful moonlighting restriction)," relying on *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). Dkt. No. 33 at 5–6. While Plaintiff may not be required to accept a competing job in defiance of Defendant's policy, and thereby risk termination, before bringing suit, *MedImmune* does not dispense with the requirement that a plaintiff actually intend to engage in the conduct the challenged restriction forbids. In *MedImmune*, the licensee was already manufacturing and selling the product at issue—the only question was whether it had to stop paying royalties before challenging the patent's validity. 549 U.S. at 121–22, 128. Here, by contrast, the Amended Complaint identifies no specific employer, position, or opportunity that Plaintiff sought, planned to seek, or declined because of Defendant's policy. Plaintiff alleges only that she refrained from seeking supplemental employment that she "would have considered and pursued" absent the policy. Dkt. No. 21 ¶ 59. "Such 'some day' intentions—without any description of concrete plans …—do not support a finding of the 'actual or imminent' injury that [Article III] require[s]." *Lujan*, 504 U.S. at 564.

Accordingly, the Court concludes that it lacks subject matter jurisdiction over the action, and must therefore remand this action to state court. *See* 28 U.S.C. § 1447(c); *Polo*, 833 F.3d at 1196.

## V. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to King County Superior Court and **DENIES AS MOOT** Defendant's Motion to Stay Discovery, Dkt. No. 23, and Second Motion to Dismiss, Dkt. No. 24. The Court **DIRECTS** the Clerk to mail a certified copy of this Order and transmit the record of this case to the King County Superior Court.

Dated this 19th day of October, 2026.

Richard A. Jones

The Honorable Richard A. Jones
United States District Judge